40 N.Y.2d 720 (1976)
Alfred O. Kuhnle, Appellant,
v.
New York State Division of Human Rights et al., Respondents.
Court of Appeals of the State of New York.
Argued October 22, 1976.
Decided November 30, 1976.
William D. Friedman, Hempstead, for appellant.
W. Bernard Richland, Corporation Counsel (L. Kevin Sheridan of counsel), New York City, for respondents.
Chief Judge BREITEL and Judges JASEN, GABRIELLI, WACHTLER and COOKE concur with Judge FUCHSBERG; Judge JONES concurs in a separate opinion in which Chief Judge BREITEL also concurs.
*721 FUCHSBERG, J.
We are required to decide on this appeal whether the provisions of sections 210 and 211 of the Retirement and Social Security Law, which permit former public employees who have reached retirement age to continue working for the government without loss or suspension of pension benefits but which do not extend a like permission to those retired because of disabilities, constitute discriminatory treatment of the disabled.
Petitioner, a former fireman in New York City, retired on a disability pension following an on-the-job injury in 1959. Ten years later, he sought and obtained employment with the New York City Board of Education. Pursuant to the terms of section 1117 of the New York City Charter, his pension benefits were suspended for so long as he remained on the Board of Education payroll. He is still so employed. In 1974, he filed a complaint with the State Division of Human Rights alleging discrimination "in compensation" arising out of his "employment" by the fire department. The State Human Rights Appeal Board dismissed his complaint, commenting that "the action of the New York City Fire Department was not related to complainant's employment but to his pension or retirement". The Appellate Division confirmed the board's determination. For the reasons which follow, we affirm its decision.
Under section 1117 of the New York City Charter, any pension benefits paid by the city must be suspended if the employee subsequently accepts governmental employment, without regard to whether the pension stems from ordinary retirement after a full term of service of from earlier retirement based on disability. However, section 210 of the Retirement and Social Security Law of this State, which expressly overrides any contrary provisions of local law, defines a "retired person" as one receiving benefits "for other than physical *722 disability". Section 211 of that law then provides that such "retired persons" may thereafter accept positions in public service without loss or diminution of pension benefits, but only if they first obtain approval from the State Civil Service Commission or other appropriate civil service body (subd 2). For such permission to be granted it must appear that the pensioners are duly qualified "and physically fit" to perform the proposed duties, that there is a need for their services, and that "there are not readily available for recruitment persons qualified to perform" those duties.
The petitioner here contends that the failure of this statute to extend the privilege of continued employment to the disabled constitutes discriminatory treatment violative of section 296 (subd 1, par [a]) of the Executive Law (commonly known as the Human Rights Law). That statute, amended in 1974 to include the disabled (L 1974, ch 988), states that: "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such indivdual in compensation or in terms, conditions or privileges of employment." (Emphasis added.)
We note first that section 292 of this same law, also added in 1974, provides a definition of "disability" and then goes on to add that "in all provisions of this article dealing with employment, the term shall be limited to physical, mental or medical conditions which are unrelated to the ability to engage in the activities involved in the job or occupation". (Emphasis added.) It is also noteworthy that Governor Wilson, on signing the amendment into law, commented specifically on the fact that, unlike most of the other bases for discrimination covered by the statute, disability as a category creates special problems which could be expected to make enforcement of the statute difficult, since the limitations imposed by a disability may be and often are actually related to the ability to perform a particular job. He also pointed out that the mere absence of discrimination against the disabled is often not enough to ensure their full participation in employment and urged employers to go beyond their legal obligations in adapting jobs and working conditions to the special needs of such people, thereby recognizing that the handicapped often *723 need more than equal treatment (McKinney's NY Session Laws, 1974, p 2123).
On analysis, that is precisely what the petitioner in this case has received. He was not barred from employment because of his disabilities; indeed, he obtained the job he sought. Moreover, the pension he received when he became disabled was one affirmatively designed to alleviate his special needs. It is a pension granted to the disabled despite their generally shorter periods of service and smaller contributions to the pension fund.
The pensions granted to retirees on the basis of age, on the other hand, proceed on quite a different footing. Those reaching retirement age have earned their benefits by longer years of service and the greater monetary contributions they have made. In fact, it is interesting that sections 210 and 211, which permit those whose pensions accrue by longevity to continue to receive benefits though they accept new governmental employment, were enacted at a time when many skills, particularly those of teachers, were in short supply in our State (see Memorandum of State Civil Service Commission, NY Legis Ann, 1964, p 128; Matter of Presley v Board of Educ., 43 AD2d 893). And, as already indicated, the privilege of continued service without suspension of benefits is conditioned on permission, which may be given only where there is a need for the retiree's skills, where no younger person qualified for the job is available and, most significantly, where the retiree is "physically fit" to hold the job.
The two pension programs and their respective conditions thus are not comparable. Each was designed to meet different needs; each contains conditions consistent with its own purpose. Therefore, it is neither irrational nor discriminatory for the State to limit the right to governmental employment while yet receiving a pension to those who are physically fit and to exclude those who are not, to wit, those whose retirement was based on disability. A program tailored to meet the unique needs of disabled employees is not to be deemed flawed merely because it is different from one designed for the nondisabled.
We emphasize that nothing we say here should be taken to condone the denial of employment itself to one who, though disabled, is perfectly capable of performing the job he seeks. It is the disabled pensioner's privilege to choose whether he prefers to retain his disabled status and pension or to suspend *724 its operation for so long as he pursues a new governmental career consistent with his abilities. The right to make that decision may not be taken away from him. We hold only that the conditions attached to the special pension created for the disabled do not constitute discrimination.
Accordingly, the order of the Appellate Division should be affirmed.
JONES, J. (concurring).
I concur in the result reached by the majority. In my view the Statute of Limitations was no bar to the claim advanced here which charges a continuing discrimination and could never have been asserted prior to the 1974 amendment to the Human Rights Law. I would interpret the disposition of the Human Rights Appeal Board in the alternative as a rejection of the complainant's contentions on the merits  "the action of the New York City Fire Department was not related to complainant's employment but to his pension or retirement". So viewed the determination is supported on the record considered as a whole and accordingly should be confirmed (Executive Law, § 298).
In my analysis responsibility in the first instance for determining whether a charge of discrimination falls within the proscription of the Human Rights Law has been vested in the Human Rights Division and the Human Rights Appeal Board. To the extent that the majority opinion might be viewed as making a determination on the merits of a question of discrimination without prior scrutiny by the division and board I would think it premature. Our function, in my view, is limited to review, to the extent authorized by statute, of prior adjudications of the Human Rights Board. This would suggest that if it be judged that the board had not passed on the merits of the present complainant's contentions, the case should be remitted to the division and board for such consideration and disposition.
Order affirmed, with costs.